IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>SOUTH VALLEY HEALTH CENTER, LLC,<br><br>    Debtor. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO WITHDRAW BANKRUPTCY REFERENCE |
| ELIZABETH R. LOVERIDGE, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>        vs.<br><br>CRAIG JOHNSON; PATRICIA JOHNSON and GULF SOUTH MEDICAL SUPPLY, INC., a Delaware corporation,<br><br>    Defendants. | Case No. 2:12-CV-1050 TS<br><br>Bankruptcy No. 10-28752<br><br>Adversary Proceeding No. 12-02488 |

    This matter is before the Court on Defendants Craig and Patricia Johnson's (the "Johnson Defendants") Motion to Withdraw Bankruptcy Reference. For the reasons discussed below, the Court will deny Defendants' Motion without prejudice.

1

## I.  BACKGROUND

This dispute arises out of the Chapter 7 bankruptcy proceedings of South Valley Health Center, LLC.  Plaintiff, the trustee of the bankruptcy estate, filed an adversary proceeding against Defendants on October 5, 2012, alleging that the Johnson Defendants received insider preferences recoverable under §§ 547, 549, and 550 of the Bankruptcy Code.  Defendants were served on October 15, 2012, and the Johnson Defendants filed their Motion to Withdraw on November 5, 2012.  The Johnson Defendants have requested a jury trial.

## II.  DISCUSSION

28 U.S.C. § 157(d) provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  "Because the bankruptcy court does not have authority to conduct a jury trial, 'cause' to withdraw the reference automatically exists in cases where the party seeking withdrawal is entitled to a jury trial under the Seventh Amendment."[1]  The Johnson Defendants assert, and Plaintiff agrees, that Plaintiff's claim under 11 U.S.C. § 547 is a legal claim on which the Johnson Defendants are entitled to a jury trial.  Although the parties agree that the Johnson Defendants do not have a right to a jury trial on Plaintiff's claims under 11 U.S.C. §§ 549 and 550, the Johnson Defendants argue that it would be in the best interests of judicial economy to try those claims in conjunction with Plaintiff's § 547 claim.  Plaintiff disagrees, asserting that it

---

[1] *Rushton v. Phila. Forest Prods., Inc. (In re Americana Expressways, Inc.)*, 161 B.R. 707, 709 (D. Utah 1993) (citing *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 911 F.2d 380, 392 (10th Cir. 1990)).

would be in the best interests of judicial economy to permit the bankruptcy court to handle all pre-trial proceedings.

"[A] Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court. Instead, the bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters."[2] There are two reasons for doing so. "First, allowing the bankruptcy court to retain jurisdiction over *pre-trial* matters, does not abridge a party's Seventh Amendment right to a *jury trial*."[3] "Second, requiring that an action be immediately transferred to district court simply because of a *jury trial* right would run counter to our bankruptcy system."[4] "The bankruptcy court has authority even when a jury trial has been demanded, to supervise discovery, conduct pretrial conferences, and rule on motions."[5]

Other district courts have denied without prejudice motions to withdraw, allowing the parties an opportunity to file a stipulated withdrawal once the case is ready to proceed to a jury trial.[6] Such an approach capitalizes on "the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them."[7]

---

[2]*In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007).

[3]*Id*.

[4]*Id*.

[5]*Kirk E. Douglas, Inc. v. Watrous & Ehlers, P.C. (In re Kirk Douglas, Inc.)*, 170 B.R. 169, 170 (D. Colo. 1994) (internal citations omitted).

[6]*See Hardesty v. Severson (In re Hardesty)*, 190 B.R. 653, 657 (D. Kan. 1995).

[7]*In re Healthcentral.com*, 504 F.3d at 787-88.

As noted, both parties argue that their position best serves judicial economy.  As it is early on in the adversarial proceeding, and as the claim under 11 U.S.C. § 547 will ultimately be transferred to this Court for trial, transferring the case early would serve judicial economy by avoiding duplication of efforts.  On the other hand, the bankruptcy court already has familiarity with the underlying bankruptcy action and has greater familiarity with Title 11.  Furthermore, it is not certain whether Plaintiff's 11 U.S.C. § 547 claim will ultimately reach trial, and Defendants have not established a right to a jury trial on Plaintiff's other claims.

Considering these arguments, the Court finds that judicial economy will best be served by denial of the motion at this time to allow the bankruptcy court to consider the pre-trial issues in this case.  This will not deprive the parties of their right to a jury trial and will promote the division of labor between this Court and the Bankruptcy Court established by Congress.  Therefore, the Court will deny the Johnson Defendants' Motion without prejudice, allowing them to bring it again at such time as this case becomes ready for trial.

### III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Withdraw Bankruptcy Reference (Docket No. 2) is DENIED WITHOUT PREJUDICE.  The parties may file a joint motion to withdraw the reference when, and if, any remaining issues are ready to be submitted for a jury trial.

The hearing set for June 5, 2013 is STRICKEN.

DATED   May 30, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge